IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10381
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE APOLINAR TORRES-LOPEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:00-CR-166-1)
--------------------
November 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant Jose Apolinar Torres-Lopez ("Torres") appeals from a conditional guilty plea for illegal re-entry after deportation by an aggravated felon.  18 U.S.C. § 1326(a),(b)(2). Torres contends that the district court erred in denying his motion to dismiss his indictment, arguing the government issued it after the limitations period expired.

     We review de novo the district court's interpretation of the limitations provisions of 8 U.S.C. § 1326.  United States v. Manges, 110 F.3d 1162, 1169 (5th Cir. 1997)(citation omitted).  We

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review for clear error the court's fact findings. Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985); see United States v. Meador, 138 F.3d 986, 991 (5th Cir. 1998). Under the clearly erroneous standard, if the court's account of the evidence is plausible in light of the record viewed in its entirety, we will not reverse that court even though convinced that had we been sitting as the trier of fact, we would have weighted the evidence differently. Id. When there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. Id. at 573-74.

The time for prosecuting violation of § 1326 is set out in 18 U.S.C. § 3282, which establishes a five-year limitations period for bringing non-capital offenses. See United States v. Santana-Castellano, 74 F.3d 593, 597 (5th Cir. 1996). Limitations begin to run on the completion of the offense. Toussie v. United States, 397 U.S. 112, 115 (1970). Section 1326(a)(2) specifies separate occasions when the offense of illegal re-entry by a deported alien is complete: (1) when he illegally enters the United States; (2) when he attempts to enter the United States illegally; or (3) when he is found in the United States. Santana-Castellano, 74 F.3d at 597. A previously deported alien is "found in" the United States when, first, his physical presence is noted and discovered by immigration authorities and, second, the knowledge of the illegality of his presence, through the exercise of diligence, can reasonably be attributed to immigration authorities. Id.

2

Based on the record, the district court did not err, clearly or otherwise, when it found that Torres failed to establish his completion of re-entry under the physical-presence prong of § 1326 at any time earlier than the five-year limitations period before the indictment.  The court did not clearly err when it so found.  Accordingly, the judgment of the district court is

AFFIRMED.